Dear Ms. Landrum:
We received your request for an opinion on behalf of Fire Protection District No. 1 of West Feliciana Parish (hereafter referred to as the "District"). The District would like to enroll its Fire Chief in the Firefighters' Retirement System even though he is over the age of 50. It is our understanding from the facts contained in your request and from speaking with an representative of the District and the Firefighters' Retirement System that the Fire Chief became a full time employee of the District in 1997. He was 49 years old at the time. He inquired about applying for membership in the Firefighters' Retirement System after becoming a full time employee but was told to wait a year before doing so. We do not know the reason why he was told to wait. He applied for membership in 1999 but his application was denied on the basis that he was over the age of 50. The board of trustees of the Firefighters' Retirement System is now willing to allow the Fire Chief to enroll in the system provided that he purchases his prior service credit. The District would like to contribute to the purchase.
Article 7, Section 14(A) prohibits the donation of public funds. However, Article 7, Section 14(B) authorizes the use of public funds for pension and insurance programs for the benefit of public employees. Article 7, Section 14 was interpreted by the Louisiana Supreme Court inCity of Port Allen v. Louisiana Municipal Risk Management Agency, Inc.,439 So.2d 399 (La. 1983) to mean that such contributions must be made pursuant to a legal obligation.
We must first consider if the Fire Chief is truly eligible for membership in the Firefighters' Retirement System. La. R.S. 11:2252, et seq. addresses the Firefighters' Retirement System. La. R.S. 11:2253 provides for the composition of the system's members and provides as follows:
 However, no person who has attained age 50 or over shall become a member of the system, unless the person becomes a member by reason of a merger.
The Fire Chief is not and has not been a participant in another state retirement system so there is no merger. Membership in the Firefighters' Retirement System is a mandatory condition of employment for any person who becomes an employee, as defined within the statute, on or after January 1, 1980. The statute does, however, make an exception to this general rule. La. R.S. 11:2252(12) states as follows:
 . . . In any case of doubt the board of trustees shall be the soul judge as to eligibility for membership.
Therefore, it is our opinion that the Fire Chief is eligible for membership because at the time he became an employee, as that term is defined in La. R.S. 11:2252, he was under the age of 50. Our opinion, assumes, of course, that the Fire Chief meets all other requirements for membership in the retirement system and that the board of trustees for the Firefighters' Retirement Systems approves the Fire Chief's application for membership. Eligibility for membership is at the discretion of the board of trustees of the Firefighters' Retirement System.
La. R.S. 11:2254 specifically provides that any active contributing member of the Firefighters' Retirement System is entitled to receive credit for service as an employee provided that such service credit is purchased under the provisions of La. R.S. 11:158. La. R.S. 11:158C specifies what is to be paid into the retirement system and refers to employee and employer contributions as part of the purchase price. La. R.S. 11:103
provides that the required employer contribution for each fiscal year, commencing with fiscal year ending 1997, for the Firefighters' Retirement System is 9%. La. R.S. 11:62 provides that the required employee contribution to the Firefighters' Retirement System is 8 %. Our office previously opined that a political subdivision may not pay an employee's portion of retirement contributions for prior service credit. See Attorney General Opinion 98-193. Therefore, it is our opinion that the District may only pay its portion of the Fire Chief's purchase of prior service credit.
We trust that this adequately responds to your request. If you have any questions, please contact our office.
With kindest regards.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ TINA VICARI GRANT ASSISTANT ATTORNEY GENERAL
RPI/TVG/crt